# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SMC3 PROPERTIES,

              Plaintiff,

v.

SANTANA BELLARD,

              Defendant.

1:17-cv-4671-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of Fulton County.

**I.    BACKGROUND**

In November 2017, Plaintiff SMC3 Properties ("SMC3") initiated a dispossessory proceeding ("Complaint") against Defendant in the Magistrate Court of Fulton County, Georgia. ([1.1] Notice of Removal at 3). The Complaint seeks possession of premises currently occupied by Defendant.

On November 21, 2017, Defendant Santana Bellard ("Bellard"), proceeding *pro se*, removed the Fulton County action to this Court by filing her Notice of Removal and Application to Proceed *In Forma Pauperis* ("IFP Application"). Bellard appears to be asserting federal defenses or counterclaims pursuant to the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Fair Housing Act, 42 U.S.C. § 3601 ("FHA") against SMC3 in her petition for removal. ([1.1] Notice of Removal at 1-2).

On February 28, 2018, Magistrate Judge Linda T. Walker granted Bellard's IFP Application and issued her Final R&R, recommending that this action be remanded pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Fulton County for lack of subject matter jurisdiction. ([3]). No objections to the Final R&R have been filed.

## II. ANALYSIS

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. ([3] at 3). The Magistrate Judge also determined that diversity jurisdiction does not exist. (Id. at 4). The Magistrate Judge further found that Bellard's notice of removal falls short of establishing a basis for removal under 28 U.S.C. § 1443. (Id. at 6, citing Wells Fargo Bank, N.A. v. Henley, 198 F. App'x 829, 830 (11th Cir. 2006) (rejecting removal of dispossessory action pursuant to Section 1443 because defendant's claim was not based on the denial of civil rights stated in terms of racial equality); St. James Assoc. v. Larsen, 67 F. App'x 684, 686 (3d Cir. 2003) (rejecting Section 1443 as a basis of removal for ejectment action even where the defendant alleged a violation of the Fair Housing Act because the plaintiff did not allege racial discrimination)). The Magistrate Judge concluded that the Court lacks subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of Fulton County. The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Fulton County.

**SO ORDERED** this 30th day of March 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE